**UNITED STATES of America,**
**Plaintiff,**

**v.**

**GIMBEL BROTHERS, INC., and Ed.**
**Schuster & Co., Incorporated,**
**Defendants.**

**No. 62–C–60.**

United States District Court
E. D. Wisconsin.

March 28, 1962.

---

Robert F. Kennedy, Atty. Gen., Lee Loevinger, Asst. Atty. Gen., George Miron, Eugene Margolis, and Margaret H. Brass, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Edmund B. Shea and Paul F. Meissner, of Shea & Hoyt, Milwaukee, Wis., William H. Mathers and Edwin V. Petz, of Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant, Gimbel Brothers, Inc.

Leon E. Kaumheimer and Roger L. Boerner, of Kaumheimer, Alt & Likert, Milwaukee, Wis., Hammond E. Chaffetz, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Joseph Du Coeur, Washington, D. C., for defendant, Ed. Schuster & Co., Inc.

GRUBB, District Judge.

Action under Section 7 of the Clayton Act to enjoin the consummation of the acquisition of defendant Ed. Schuster & Co., Incorporated, by defendant, Gimbel Brothers, Inc.

The defendant, Gimbel Brothers, Inc. (hereinafter called "Gimbels"), is a corporation organized and existing under the laws of the State of New York with its principal office in New York City, New York. It operates department stores in various cities including three in Milwaukee County. The defendant, Ed. Schuster & Co., Incorporated (hereinafter called "Schusters"), is a Wisconsin corporation with its principal office in Milwaukee, Wisconsin. It operates several department stores in Milwaukee County.

The court has jurisdiction of this action under Section 15 of the Clayton Act, Title 15 U.S.C.A. § 25, and under Section 7 of the Clayton Act, as amended, Title 15 U.S.C.A. § 18.

On December 8, 1961, defendants entered into a "Plan and Agreement of Reorganization." This document is thirty-five pages long. The agreement in essence provides that Gimbels was to acquire substantially all of the property, assets, good will, and business of Schusters in exchange for a certain number of shares of Gimbels' common stock, and upon completion of these steps, Schusters was to be dissolved.

In support of the motion for preliminary injunction, plaintiff has submitted the affidavits of George Miron, an attorney in the Department of Justice. These affidavits are based upon certain information furnished the Department of Justice by the defendants. Mr. Miron in his affidavits has not been shown to be an expert on merchandising or to be personally familiar with the retail trade in Milwaukee County. As opposed to plaintiff's affidavits, defendants have furnished more than twenty affidavits of corporate officers and employees of the defendants, managing officers and agents of various competitors of the defendants; affidavit of Irwin Maier, President of The Journal Company, which company's newspaper has for years carried much advertising and which company has followed the retail business situation in Milwaukee County and surrounding portions of the state; affidavits of two prominent Milwaukee bankers who are familiar with the retail trade in Milwaukee County; affidavit of Malcolm P. McNair, professor of retailing at the Harvard Graduate School of Business Administration, who for a time was on the board of directors of one of the defendants; and an affidavit of S. Morris Livingston, an independent consulting economist.

All of these affidavits by men who are thoroughly familiar with the situation in Milwaukee County, including those of competitors of the defendants, indicate that in their opinion the proposed merger will not materially cut down competition in the retail trade in Milwaukee County and, in fact, because of the peculiar situation with reference to Schusters, will enhance competition.

The affidavits which have been submitted by the corporate officers of Schusters indicate that Schusters' business has been declining in recent years, that it has been necessary for Schusters to close one of its stores, and that some of its other stores are far from being in a healthy condition. This is probably brought about because of the location of some of these stores in declining neighborhoods. Schusters has no downtown store. It has been necessary for Schusters to expand, and it will be necessary for it to endeavor to further expand in shopping centers to try to maintain its volume of business. This has required heavy investments in real estate and has impaired its working capital.

The affidavits show without dispute that there is much vigorous competition in retail marketing in Milwaukee County by many department stores, some large and some small, and by many specialty shops, discount houses, shopping centers, strip shopping centers, mail order houses, and the like. It was shown without controversy that new competitors readily break into the retail market in Milwaukee County.

The court finds on the affidavits submitted that the proposed merger would not probably substantially lessen competition in retail merchandising in Milwaukee County; in fact, that it probably will not lessen competition at all. The court finds that the relevant product market is comprised of much more than that of department stores alleged by the plaintiff. The court finds that there are literally hundreds of effective competitors of department stores, many of which share to varying degrees what the plaintiff claims are the "unique characteristics" of defendants. The court also finds that the relevant geographical area is larger than Milwaukee and Waukesha Counties.

The court further finds that there will be no irreparable harm to the plaintiff or to the people of this community if a temporary injunction is denied. On the other hand, if a temporary injunction is granted and if the plaintiff fails to prevail on the merits, there will be irreparable harm to the defendants and particularly to Schusters, to its employees, and to its stockholders. Many of the things which the plaintiff points to as undesirable consequences of the proposed merger have already occurred and cannot be undone at this time, such as material loss of Schusters' key personnel who cannot be readily replaced at this time, and other factors which would materially

impair the vigor of Schusters as a competitor in the market.

In summary, the court finds that the plaintiff has made no showing to entitle it to a preliminary injunction as prayed for.

It is believed that the foregoing decision sets forth the court's findings of fact and conclusions of law in conformity with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

On the basis of the foregoing, plaintiff's motion for a preliminary injunction is hereby denied.